**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS.** | : | **CR No.: 06-055-ML** |
| | : | |
| **RAFAEL HUMERO MEDINA** | : | **February 8, 2007** |

**MOTION TO DEPART**

Now comes the Defendant in the above-entitled cause and moves for a departure in accordance with United States V. Booker, 543 U.S. 220 (2005).

Respectfully submitted,
RAFAEL HUMERO MEDINA,
By his Attorney,

/s/ *John M. Cicilline*
John M. Cicilline, Esq. #3350
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jmcicilline387@aol.com

**CERTIFICATION**

I hereby certify that on February 8, 2007, a true copy of the above document was served upon all attorneys of record by ECF filing.

/s/ *John M. Cicilline*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS.** | : | **CR No. : 06-055-ML** |
| | : | |
| **RAFAEL HUMERO MEDINA** | : | **February 8, 2007** |

## MEMORANDUM IN SUPPORT TO MOTION TO DEPART

All Sentences imposed after United States v. Booker, 543 US 220 (2005) must conform to the reasonableness test established by Booker. Procedurally, under the advisory guidelines, the sentencing court is to begin by calculating the applicable guideline range and then determine whether other factors warrant an ultimate sentence above or below the guideline range. United States v. Zapete-Garcia, F.3d (1st Cir. 2006) (No. 05-1352); United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006) (en banc). In this effort the court must consider factors identified by the parties and it is also bound to consider the several sentencing factors set out in 18 U.S.C. 3553 (a). United States v. Alli, F. 3d (1st Cir. 2006) WL893620.

These factors include:

a) the nature and circumstances of the offense and the history and characteristics of the defendant

b) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training or medical care

c) the kinds of sentences available

d) the kinds of sentence and the sentencing ranges established by the guidelines.

e) any pertinent policy statements

f) The need to avoid unwarranted sentence disparities' among defendants with similar records who have been found guilty of similar conduct, and

g) the need to provide restitution to any victims of the offense.

In Zapete-Garcia, the circuit emphasized the need for the sentencing court to considerer the section 3553 (a) factors, and highlighted the importance of particularizing the sentence chosen.

Reasonableness, as defined by Booker, is a condition which must color every sentence. And it matters not whether the reasonableness quotient takes the case out of the guidelines. United States v. Jimenez-Beltre, 440 F.3D 514 (1st Cir. 2006) because the guidelines are still generalizations that can point to outcome that may appear unreasonable, to a sentencing judge. Id. The court, thus has a new found discretion to impose a non guideline sentence. Id; United States v. Robinson, 433 F. 3d 31 (1st Cir. 2005).

In Koon v. United States, 518 US 81 (1996) the court held that if a factor is not expressly forbidden it may, at least in an exceptional case serve as a basis for a departure. The only departure factors entirely forbidden by the guidelines are race, sex, national, origin, creed, religion and social and economic status. United States v. Alina Perez, 160 F. 3d 87 (1st Cir. 1999); United States v. Rivera, 994 F.2d 942 (1st Cir 1993), United States v. Skalr, 920 F.2d 107 (1st Cir. 1990).

The Cases all recognize the wisdom and even the necessity of sentencing procedures that take into account individual circumstances. Koon, pg. 92. In doing so,

courts are authorized to depart in cases that feature aggravating or mitigating circumstances of a kind or degree not adequately taken into account by the Sentencing Commission.

In general sentencing courts are to regard each guideline as carving out a heartland, a set of typical cases embodying the conduct each guideline describes. United States v. Grandmaison, supra; Guideline Manual Ch. 1, Pt. A Introduction Comment 4 (b); United States v. Jackson, 30 F3d 199 (1st Cir. 1994). Departures, therefore, are to be the exception rather than the rule. Jackson, at 201; United States v. De Costa, 37 F.3d (5th Cir. 1994). The court, however, has the power to depart downwardly in unusual cases where circumstances are out of the ordinary. United States v. Rivera Maldonado, 194 F.3d 224 (1st Cir. 1999); see also United States v. Gaskill, 991 F. 2d 82 (3d Cir. 1993); United States v. Johnson, 964 F.2d 124 (2nd Cir. 1992); United States v. Alba, 933 F.2d 1117 (2nd Cir. 1991); United States v. Pena, 930 F.2d 1486 (10th Cir. 1991).

The Sentencing Reform Act does permit a sentencing court to depart from a guideline presumptive sentencing range when it finds that there exists an aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into account by the Sentencing Commission in formulating the guidelines. Williams v. United States, 503 US 193 (1992); United States v. Rivera, 994 Fed. 942 (1st Cir. 1993).

The sentence which the court ultimately fashions must be sufficient but not greater than necessary for achieving the legitimate objectives of sentencing. United States v. Dixon, 449 F.3d 194 (1st Cir. 2006); United States v. Jimenez-Beltre, 440 F.3d at 518-519.

Mr. Medina stands before the Court ready to accept his sentence. In calculating his sentence the Court must calculate the applicable guideline range and then determine if

these are factors that would allow a sentence below the range to be given and if so would it be reasonable.

Mr. Medina stands before the court with no prior record. He has a wife and children ages 20, 16, 8. He will be about 60 years old when he completes his sentence and will be deported back to the Dominican Republic. This is a severe sentence as it should be for breaking the law.

However, Mr. Medina supplied the drug's the government and its agents asked for. The large amounts ordered singnificatly raised his number.

During all his transactions he was never armed with a gun. Even on the day of his arrest the gun was found in the bedroom. The government tried to establish that his wife filled out an "application for boarding children" and she indicated she didn't own a gun.

It is clear that she doesn't speak or read English and that her husband filled out the application. This is backed by questions #10 (language spoken in the house?) Spanish (Interpreter needed?) No and #11 (applicant #2 information was left blank.)

Even though the Court has ruled that a gun was present. It was not used, brandish and in no way effected anyone in this case except that the defendant became ineligible for the safety valve reduction as well as getting 2 additional points under the guideline.

Mr. Medina is asking this Court to sentence him to 120 months which is the statutory minimum he can receive. This is a reasonable sentence in light of all the factors surrounding this case.

Respectfully submitted,
RAFAEL HUMERO MEDINA,
By his Attorney,

/s/ *John M. Cicilline*

John M. Cicilline, Esq. #3350
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jmcicilline387@aol.com

**CERTIFICATION**

I hereby certify that on February 8, 2007 a true copy of the above document was served upon all attorneys of record by ECF filing.

/s/ *John M. Cicilline*